# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

SAMUEL LYDELL CAPNORD                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:15-CV-168-DMB-SAA

FRED'S                                                                                     DEFENDANT

## ORDER

*Pro se* plaintiff Samuel Lydell Capnord has filed a document labeled "Titled Motion: Filing a Motion for Deposition to be Dismissed." Docket 29. The document requests that his deposition be "dismissed" because the deposition was unfair and plaintiff gave testimony without the benefit of counsel. *Id*. Defendant Fred's Stores of Tennessee, Inc. responds that plaintiff's motion is frivolous and that plaintiff's deposition was duly noticed and scheduled at plaintiff's convenience, and the deposition was videotaped as further confirmation that it was conducted in a professional and ethical manner. Docket 30.

To the extent that plaintiff's motion can be construed as a motion to terminate the deposition, Federal Rule of Civil Procedure 30(d)(3)(A) provides that "at any time during the deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending." Fed. R. Civ. P. 30(d)(3)(A). The plaintiff bears the burden of showing grounds under Rule 30(d)(3) to terminate his deposition. Plaintiff's motion to terminate under Fed. R. Civ. P. 30(d)(3)(A) would be denied as untimely, as motions to terminate are supposed to be brought *during* the deposition.

1

More importantly, even if plaintiff's motion were timely, plaintiff has offered no proof that defense counsel conducted himself in bad faith or in a manner that unreasonably annoyed, embarrassed, or oppressed the deponent during his deposition. Plaintiff provided only conclusory statements that his deposition was not fair because he did not have an attorney. Mindful of the leeway granted to *pro se* litigants, this court nevertheless finds plaintiff's motion lacks merit, and it will be denied.

This is the fourth motion by Mr. Capnord which the court has denied as being without merit. Plaintiff is strongly cautioned that, even though he is a *pro se* plaintiff, he is still required to comply with the Federal Rules of Civil Procedure and the Uniform Local Civil Rules of this court. Plaintiff is obligated to comply with ordinary procedures that govern litigation of every case in this court. He has shown no evidence of entitlement to the various forms of relief he has sought from those obligations.

**SO ORDERED**, this, the 13th day of May, 2016.

/s/ S. Allan Alexander            .
UNITED STATES MAGISTRATE JUDGE