**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

SAMUEL LYDELL CAPNORD                                                  PLAINTIFF

V.                                                              NO. 4:15-CV-168-DMB-RP

FRED'S                                                                  DEFENDANT


**MEMORANDUM OPINION AND ORDER**

This civil rights action is before the Court on Fred's Stores of Tennessee, Inc.'s motion

to dismiss, or in the alternative, for summary judgment.  Doc. #33.

**I**
**Procedural History**

**A.  The Complaint and In Forma Pauperis Application**

On November 16, 2015, Samuel Lydell Capnord filed a pro se complaint in this Court

against "Fred's."  Doc. #4.  In submitting his complaint, Capnord utilized what appears to be a

form complaint for employment discrimination claims.  In this regard, the first question of the

form complaint states:

> This civil action is commenced by _____, Plaintiff, under the
> following statutory law (place a check mark in the appropriate box):
>
> ☐  Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e et seq., for
>     employment discrimination on the basis of race, color, sex (gender,
>     pregnancy, and sexual harassment), religion, or national origin.
>
> ☐  The Age Discrimination in Employment Act [ADEA], 29 USC §§ 621 et
>     seq.
>
> ☐  The Americans With Disabilities Act [ADA], 42 USC §§ 12102 et seq.
>
> ☐  The Equal Pay Act [EPA], 29 USC § 206(d).
>
> ☐  The Rehabilitation Act of 1973, 29 USC §§ 791 et seq. (Applicable to
>     federal employees only).

*Id*. at 1.  After filling in his name, Capnord checked only the Title VII box.  *Id*.  Of relevance

here, Capnord also completed the form's question ten, which states:

> Defendant –
> (place a check mark √ in all of the following selections that are applicable to your
> Complaint)
>
> ☐ Failed to employ Plaintiff          ☐ Fired Plaintiff
> ☐ Failed to promote Plaintiff       ☐ Harassed Plaintiff
> ☐ Other (specify *clearly* and *briefly*):

Doc. #4 at 3.  Capnord checked the "Other" box and wrote, "I was a disabled customer. Also,

discriminated against[] because of ... Plaintiff's color ... [and] Plaintiff's disability."  *Id*.

Capnord identified his race as "black (different shade)" and his disability as "use cane for

assistance prescribed by doc."  *Id*.  When prompted to recite the specific acts of discrimination,

Capnord wrote:

> August 26, 2016, assistant manager Yolanda Fletcher yelled at me and me get out
> of a line when I was only customer. I am a permanently disable person. I had to
> go in the back of a single foul line on other cashier's register. Then she signal a
> Caucasian woman approximately mid way or 4th or 5th in line and checked her
> out. Store Manager Willie Priestly was not professional did not do a thorough
> investigation.

*Id*. at 4.

The complaint alleges that Capnord filed a complaint with the EEOC on September 11,

2015, and received a right to sue letter on September 21, 2015.  *Id*. at 2.

On the same day Capnord filed his complaint, he also filed a second form titled

"Application for Leave to File Suit Under Title VII of the Civil Rights Act of 1964 Without

Payment of Fees, Costs, or Security and for Appointment of An Attorney."  Doc. #1.  On

November 19, 2015, United States Magistrate Judge S. Allan Alexander issued an order granting

Capnord's motion to proceed in forma pauperis but denying his request for appointment of

counsel. Doc. #3.

## B. Discovery and Motion Practice

Fred's answered Capnord's complaint on December 10, 2015.[1] Doc. #8. Following the

answer, the parties engaged in approximately eight months of discovery during which Fred's

deposed and served discovery on Capnord. Doc. #19; Doc. #33-3. Capnord responded to Fred's

discovery requests on March 1, 2016. Doc. #21. The discovery included the following requests

for admission and responses:

> **REQUEST NO. 5:** Admit you were not employed by Fred's at the time alleged
> incident occurred.
> [Response:] I was a customer.
>
> **REQUEST NO. 6:** Admit you have never been employed by Fred's in any
> capacity or at any location.
> [Response:] I was a customer.

Doc. #21.

On September 8, 2016, Fred's filed a motion to dismiss Capnord's complaint or, in the

alternative, for summary judgment. Doc. #33. In its accompanying memorandum, Fred's argues

that Capnord is asserting claims for employment discrimination and negligence and that such

claims must fail because Capnord was not employed by Fred's and because Fred's was not

negligent. Doc. #34. On September 19, 2016, Capnord filed a "Motion Not Dismiss Case

Against Fred's." Doc. #35. Fred's responded to Capnord's "motion" on September 21, 2016.

Doc. #36. On October 11, 2016, Capnord filed a letter with this Court which states, in relevant

part, "In addition to the EEOC had [sic] known that this was not a employee/employer

relationship. There was no section on the form with customer violations." Doc. #37 at 2.

---

[1] The Court issued an order directing Fred's counsel to show cause why he should not be sanctioned for asserting a
meritless defense in the answer. Doc. #45. Fred's counsel responded to the show cause order on March 31, 2017.
Doc. #46. The issue of sanctions will be addressed by separate order.

### C. Final Pretrial Conference and Supplemental Motion

On March 21, 2017, the parties appeared before United States Magistrate Judge Roy Percy for a pretrial conference. Doc. #42. At the conference, the parties and Judge Percy signed a pretrial order which provides, among other things, that "[t]he pleadings are amended to conform to this pretrial order." The pretrial order includes the following question and response:

> **4. The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:**
>
> Civil rights violations: discrimination on bases of race and disability as a shopper at Fred's.
>
> Defendant objects to these claims as being outside the pleadings.

On March 22, 2017, Fred's filed a "Supplemental Memorandum in Support of its Motion to Dismiss, or in the Alternative, for Summary Judgment." Doc. #44. Fred's "supplement" argues that this Court lacks jurisdiction over Capnord's complaint and seeks to address Capnord's claims for discrimination in places of public accommodation identified in the pretrial order. *Id.*

## II
## Supplemental Filings

Before turning to the pending motions, it is important to clarify the issues and arguments before the Court. As explained above, Fred's initially filed a motion to dismiss or, in the alternative, for summary judgment. Doc. #33. After this filing, the following documents were filed addressing Fred's request for dismissal: (1) Capnord's "Motion Not Dismiss Case against Fred's," which asks this Court "to not dismiss [sic] case against Fred's Stores of Tennessee," Doc. #35; (2) Fred's "Response to the Plaintiff's Motion Not to Dismiss Case," which argues that Capnord's "motion" was filed out of time and, "[t]o the extent it is a 'Response' ... it does not create a genuine issue of material fact and judgment should be entered on the pending

dispositive motion," Doc. #36; (3) Capnord's October 11, 2016, filing explaining the nature of his claims, Doc. #37; and (4) Fred's "Supplemental Memorandum in Support of its Motion to Dismiss, or in the Alternative, for Summary Judgment," Doc. #44.

In seeking to classify these filings, the Court must "give effect to the substance of [each] document and not to its caption." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Each document listed above addresses Fred's original motion to dismiss. Accordingly, the Court interprets: (1) Capnord's "motion" as a response to Fred's motion to dismiss; (2) Fred's "response" as a reply in support of its motion to dismiss; (3) Capnord's October 11 filing as a sur-reply; and (4) Fred's supplemental memorandum as a sur-sur-reply.

"While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant, a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage. However, surreplies are heavily disfavored by courts." *16 Front Street LLC v. Miss. Silicon, LLC*, 162 F.Supp.3d 558, 560 (N.D. Miss. 2016) (internal citations, quotation marks, and alterations omitted). Here, Fred's reply did not raise a new legal theory or attempt to present new evidence. Accordingly, Capnord's sur-reply will not be considered for the purpose of resolving Fred's motion to dismiss. Because Capnord's sur-reply will not be considered, the Court, with one exception noted below, also declines to consider Fred's sur-sur-reply.

## III
## Jurisdiction

In its supplemental memorandum, Fred's argues that this Court lacks subject matter jurisdiction over this action. Doc. #44. While this Court has already held that the supplemental memorandum should not be considered for the purpose of resolving Fred's motion to dismiss, the law is clear that "[a] lack of subject matter jurisdiction may be raised at any time ...."

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017). Accordingly, the Court will consider Fred's jurisdictional argument. *See, e.g., Canal Ins. Co. v. XMEX Transp., LLC*, 48 F.Supp.3d 958, 970 (W.D. Tex. 2014) (considering standing argument raised in reply brief).

> In challenging jurisdiction, Fred's argues:
>
> Plaintiff has abandoned his Title VII and ADA claims, which would have given the Court potential federal question jurisdiction. Now his pleading has no statutory basis. Plaintiff's Complaint does not state a claim for relief based upon race or disability pursuant to any other federal statute. Plaintiff should not be allowed to assert a cause of action under Title II or any other federal statute that he did not plead in his Complaint.

Doc. #44 at 2. This argument is without merit.

28 U.S.C. § 1331, also known as the federal question statute, provides the district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A federal question exists only where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bd. of Comm'rs of Se. La. Flood Protection Authority-East v. Tenn. Gas Pipeline Co. L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017) (internal quotation marks omitted).

"[T]he great weight of authority makes it clear that a failure to name the particular statute, treaty, or provision of the Constitution under which the action arises is not fatal if the remainder of the complaint shows that a federal question actually is involved or relied upon by the pleader." 5 Fed. Prac. & Proc. Civ. § 1209 (3d ed.). Consistent with this rule, the Fifth Circuit has held that a complaint "reveals a proper basis for assuming jurisdiction" under an anti-discrimination statute not cited in the complaint so long as the complaint alleges discrimination of a kind prohibited by the statute, and states "the underlying factual bases for this allegation."

*Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980).

Here, Capnord's complaint seeks to recover based on alleged race and disability discrimination in a public store and states the underlying factual bases for these allegations. These claims, on their face, implicate (1) Title III of the Americans with Disabilities Act,[2] which prohibits disability discrimination in places of public accommodation; and (2) Title II of the Civil Rights Act,[3] which prohibits race discrimination in places of public accommodation. While these claims may ultimately turn out to be without merit, they arise under the laws of the United States and, therefore, invoke federal question jurisdiction.[4]

# IV
## Motion to Dismiss

In its motion to dismiss, Fred's seeks dismissal of all of Capnord's claims or, in the

---

[2] *See* 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.").

[3] *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.").

[4] In reaching this conclusion, the Court notes that, contrary to the assertion in Fred's supplemental submission, the public accommodation claims were properly pled under Rule 8 of the Federal Rules of Civil Procedure. "The function of a complaint under the Federal Rules is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. Thus, the fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory." *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (internal citations omitted). Rather, "[t]he federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining a defense upon the merits." 5 Fed. Prac. & Proc. Civ. § 1219 (3d ed.) (internal footnote omitted). The logic behind this rule, which "is supplemented by [a] plaintiff's pro se status," *Robinson-Reeder v. Am. Council on Educ.*, 532 F.Supp.2d 6, 15 (D.D.C. 2008), dictates that a claim is before the Court so long as the complaint gives "the defendant fair notice of [the] claim and the grounds upon which plaintiff relies." *Doss*, 834 F.2d at 424. Fair notice does not require that a plaintiff cite the proper statute or even request the proper relief. *See id.* at 422–23, 25 (complaint served to notify defendant of age discrimination claim under Age Discrimination in Employment Act where complaint sought relief under Title VII, not ADEA, and sought compensatory and punitive damages which were unavailable under ADEA); *see generally Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations."). Notwithstanding the reference to Title VII, Capnord's complaint specifically pleads that he "was a disabled customer. Also, discriminated against[] because of ... Plaintiff's color ... [and] Plaintiff's disability." Doc. #4 at 3. The complaint then goes on to allege the specific factual circumstances underlying these claims. Based on these allegations, the Court concludes that the complaint provides fair notice of claims for race and disability discrimination in places of public accommodation.

alternative, summary judgment on all claims. Whether analyzed as a motion to dismiss or as a motion for summary judgment, Fred's motion must be denied.

In seeking dismissal under Rule 12(b)(6), "[i]t is upon the party moving for dismissal to prove an absence of a claim." *Mello v. Sara Lee Corp.*, 292 F.Supp.2d 902, 904 (N.D. Miss. 2003). Similarly, a movant seeking summary judgment bears the burden to show there are no genuine issues of material fact. *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 407 (5th Cir. 2012). Needless to say, a defendant may not discharge its burden under either standard by failing to address a claim or its elements. *See, e.g., Null v. Easley*, No. 4:09-cv-296, 2009 WL 3853765, at *6 (N.D. Tex. Nov. 18, 2009) ("Without specific arguments addressing the claims for conversion, theft, and constructive trust, analyzing the allegations, or lack thereof, in light of the governing substantive law, the Court will not order these claims dismissed."); *Samuels v. Terrell*, No. 2:13-cv-1978, 2015 WL 4092868, at *7 n.7 (W.D. La. July 6, 2015) ("While defendants herein purport to seek summary judgment on 'all claims,' their submissions to us relate only to plaintiff's DWCC allegations and do not specifically address FWCC in any way. Accordingly the FWCC issues remain.") (internal citation omitted). Relatedly, where a defendant seeks dismissal or summary judgment of a claim that is not pled, the proper course is to deny the motion as moot. *See, e.g., Diaz v. Superior Energy Servs., LLC*, No. 07-2805, 2008 WL 3077071, at *16 (E.D. La. Aug. 4, 2008) ("Because Diaz has not asserted a qui tam claim, Superior's motion for summary judgment is dismissed as moot as to this claim."); *H-W Tech., L.C. v. Apple, Inc.*, No. 3:11-cv-651, 2012 WL 959316, at *7 (N.D. Tex. Feb. 23, 2012) ("Since Plaintiff has not asserted indirect infringement claims in its complaint, Defendants' motion to dismiss these claims should be denied as moot.").

In support of its motion, Fred's attached Capnord's deposition and argues that: (1)

Capnord cannot state a Title VII claim because he was not an employee of Fred's; (2) Capnord cannot state a claim under the ADA because he was not an employee of Fred's and because Fred's did not fail to accommodate Capnord's disability; and (3) Capnord cannot state a claim based on premises liability because Capnord cannot show that Fred's acted negligently. *See* Doc. #34. Notably, Fred's did not specifically address the elements of the claims actually asserted in Capnord's complaint—claims for disability and race discrimination in public accommodation.[5] Accordingly, to the extent Fred's seeks dismissal of all claims, the motion must be denied. To the extent Fred's seeks dismissal of claims not asserted in Capnord's complaint, the motion to dismiss or, in the alternative, for summary judgment, will be denied as moot.

**V**
**Conclusion**

For the reasons above, Fred's motion to dismiss, or in the alternative, for summary judgment [33], is **DENIED**. The motion is denied to the extent it seeks dismissal or summary judgment on all claims, and denied as moot to the extent it seeks dismissal of claims for employment discrimination and negligence.

**SO ORDERED**, this 26th day of April, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] Fred's supplemental memorandum addresses the merits of the Title II claim but not the Title III claim. *See* Doc. #44. However, as explained above, Fred's did not seek leave to file the brief. Regardless, even if the supplemental brief were properly before the court, a party may not raise a new argument in a reply brief. *See Cross v. Senior Living Props.*, LLC, No. 3:07–cv–285, 2008 WL 495860, at *1 n.1 (N.D. Tex. Feb. 19, 2008) ("[T]he court may not consider a new argument made for the first time in a reply.") (citing *Ghoman v. N.H. Ins. Co.*, 159 F.Supp.2d 928, 936 n.9 (N.D. Tex. 2001)).