IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SAMUEL LYDELL CAPNORD**                                                              **PLAINTIFF**

**V.**                                                                           **NO. 4:15-CV-168-DMB-RP**

**FRED'S**                                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This civil rights action is before the Court on Fred's Stores of Tennessee, Inc.'s motion to dismiss. Doc. #60.

**I**
**Procedural History**

On November 16, 2015, Samuel Lydell Capnord filed a pro se complaint in this Court against "Fred's." Doc. #4. In submitting his complaint, Capnord utilized what appears to be a form complaint for an employment discrimination claim and checked only the Title VII box in categorizing his claims. *Id*. at 1. However, the complaint itself alleges: "I was a disabled customer. Also, discriminated against[] because of ... Plaintiff's color ... [and] Plaintiff's disability." *Id*. at 3. Capnord identified his race as "black (different shade)" and his disability as "use cane for assistance prescribed by doc." *Id*. When prompted to recite the specific acts of discrimination, Capnord wrote:

> August 26, 2016 assistant manager Yolanda Fletcher yelled at me and me get out of a line when I was only customer. I am a permanently disable person. I had to go in the back of a single foul line on other cashier's register. Then she signal a Caucasian woman approximately mid way or 4th or 5th in line and checked her out. Store Manager Willie Priestly was not professional did not do a thorough investigation.

*Id*. at 4. As relief, Capnord requests that Defendant be ordered to "compensate monetary damages for pain and suffering." *Id*. at 5.

Fred's answered Capnord's complaint on December 10, 2015. Doc. #8. Following the answer, the parties engaged in approximately eight months of discovery during which Fred's deposed and served discovery on Capnord. Doc. #19; Doc. #33-3.

On September 8, 2016, Fred's filed a motion to dismiss Capnord's complaint or, in the alternative, for summary judgment. Doc. #33. In its accompanying memorandum, Fred's argued that Capnord is asserting claims for employment discrimination and negligence and that such claims must fail because Capnord was not employed by Fred's and because Fred's was not negligent. Doc. #34 at 4–7.

On April 26, 2017, the Court entered an order denying Fred's motion on the grounds that Capnord's complaint asserts "claims for disability and race discrimination in public accommodation," not claims for employment discrimination or negligence. Doc. #53 at 8–9. Approximately a month later, on May 26, 2017, this Court entered an order allowing Fred's to file a motion addressing the claims remaining in this case and setting a briefing schedule for the motion. Doc. #57. Consistent with the briefing schedule, Fred's filed a motion to dismiss, Doc. #60; Capnord responded to the motion, Doc. #61; and Fred's replied, Doc. #62.

**II**
**Relevant Standard**

Fred's motion to dismiss seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #60. In support of the requested dismissal, Fred's relies on two documents attached to the motion—a deposition of Capnord and an affidavit of Yolanda Fletcher.

As a general matter, where a defendant has filed a 12(b)(6) motion and "submitted matters outside the pleadings without such evidence being excluded by the Court [within ten days]," the proper course is to treat the 12(b)(6) motion as a motion for summary judgment. *McNair v. Mississippi*, 43 F.Supp.3d 679, 682 (N.D. Miss. 2014) (citing *Washington v. Allstate Ins. Co.*, 901

2

F.2d 1281, 1284 (5th Cir. 1990)). More than ten days have passed since Fred's submitted matters outside the pleadings without such evidence being excluded by this Court. Under these circumstances, the Court will treat Fred's motion as a motion for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (internal quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

# III
# Factual Background

On August 26, 2015, Capnord entered the Fred's Store on West Park Avenue in Greenwood, Mississippi, with the intention of purchasing two bags of mulch. Doc. #60-1 at 49. Capnord, who was unable to lift anything because of a back surgery, asked a nearby employee to help him load the two bags of mulch into his truck. *Id*. at 50. The employee loaded the bags of mulch, removed the tags, and proceeded inside with Capnord so that Capnord could pay for the mulch. *Id* at 50, 52.

At the time Capnord entered the store, he observed two cashiers standing by their respective registers. *Id*. at 53, 55. One cashier, Yolanda Fletcher, had no one in her line and was not assisting any customers. *Id*. at 53. The other cashier had a line of approximately five customers in front of the register. *Id*. at 55. The employee assisting Capnord yelled the SKU numbers for the bags to Fletcher. *Id*. at 52–53. Fletcher then yelled at Capnord to get out of her line. *Id*. at 53. Capnord went to the other line. *Id*. at 55.

Capnord, who is African American, then observed Fletcher instruct a white woman to come into her line. *Id*. at 64, 66. After Fletcher checked the white woman out, she asked Capnord to come to her register. *Id*. at 66. However, Capnord remained in the other line because he believed Fletcher just felt "guilty." *Id*. Eventually, Capnord paid for his mulch. *Id*. at 55.

# IV
# Analysis

In his complaint, Capnord seeks monetary damages based upon claims for race and disability discrimination in public accommodations. Fred's seeks dismissal of both claims on the grounds that monetary damages are unavailable and that Capnord has not shown unlawful discrimination. *See* Doc. #60. Beyond vaguely referring to "documents [which] prove [his]

4

theory," Capnord's response fails to address either argument. *See* Doc. #61.

Title II of the Civil Rights Act of 1964 states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation ... without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Similarly, Title III of the Americans with Disabilities Act prohibits discrimination against disabled persons in places of public accommodation. 42 U.S.C. § 12182(a). Neither statute allows for recovery of monetary damages. *Arguello v. Conoco, Inc.*, 207 F.3d 803, 809 n.9 (5th Cir. 2000) ("Under Title II the only relief is injunctive."); *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 183 (5th Cir. 2015) ("Damages are not available for a Title III ADA claim brought by a private party."). Accordingly, because Capnord seeks only monetary damages, his claims must fail and Fred's motion for summary judgment must be granted.[1]

## V
## Conclusion

For the reasons above, Fred's motion to dismiss [60], which this Court converted to a motion for summary judgment, is **GRANTED**. This action is **DISMISSED with prejudice**. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 5th day of October, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Having reached this conclusion, the Court need not consider whether Capnord has established race or disability discrimination in public accommodation.