**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SAMUEL LYDELL CAPNORD**                                                    **PLAINTIFF**

**V.**                                                          **NO. 4:15-CV-168-DMB-RP**

**FRED'S**                                                                      **DEFENDANT**

**ORDER**

Before the Court is Samuel Lydell Capnord's "Motion for transcripts to be paid at government expenses." Doc. #67.

**I**
**Procedural History**

On October 5, 2017, this Court entered an order dismissing Samuel Capnord's claims in this action, Doc. #63; and entered a final judgment the same day, Doc. #64.

On October 10, 2017, Capnord filed a notice of appeal of this Court's final judgment. Doc. #65. Approximately a month later, on November 13, 2017, Capnord filed a "Motion for transcripts to be paid at government expenses." Doc. #67. The following day, Fred's responded in opposition to the motion. Doc. #68. Capnord has not replied in support of his motion.

**II**
**Analysis**

Although his motion does not include an express request for relief, the caption makes clear that Capnord is seeking an order directing the "government" to pay for the necessary appeal transcripts. As grounds for the requested relief, Capnord states only that he "need[s] financial assistance … because [he] only receive[s] fixed income every month." Doc. #67. Fred's responds that the motion "should be dismissed as it fails to comply with the statutory requirements for

processing [sic] as a pauper [and] is not under oath and does not detail Plaintiff's present financial condition including his income and assets including what kind of vehicle he drives." Doc. #68.

Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished … to persons permitted to appeal in forma pauperis shall … be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." "In order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." *Norton v. Dimanzana*, 122 F.3d 286, 293 (5th Cir. 1997).

Capnord has not sought leave to proceed in forma pauperis on appeal and has not shown why the transcripts are necessary for proper disposition of his appeal. More important, for the reasons articulated in this Court's October 5 order, this Court concludes that the appeal is frivolous and does not present a substantial question. Accordingly, Capnord's motion [67] is **DENIED**.

**SO ORDERED**, this 2nd day of February, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**